# EXHIBIT B

# EXHIBIT B-1

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
6/10/2019 6:59 PM
JAMIE SMITH
DISTRICT CLERK
A-203953

CAUSE NO. ____________________

| | | |
|---|---|---|
| MOHAMMED NAGORI | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| AMERICAN SECURITY INSURANCE | § | |
| COMPANY | § | JEFFERSON COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Mohammed Nagori (herein after referred to as "Plaintiff"), files this original petition against defendant, American Security Insurance Company, (hereinafter referred to as "American Security") and alleges as follows:

**A. DISCOVERY CONTROL PLAN**

1. Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively plead that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because plaintiff seeks monetary relief over $100,000.

**B. RELIEF**

2. Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000. TEX. R. CIV. P. 47(c)(4).

**C. PARTIES**

3. Plaintiff, Mohammed Nagori, is an individual and resident of Jefferson County and citizen of the state of Texas.

4. Defendant, American Security Insurance Company is a foreign insurance carrier, incorporated and engaging in the business of insurance in the State of Texas, and may be served

I CERTIFY THIS IS A TRUE COPY
Witness my hand and seal of office
July 09, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Jamie Smith Page 1 of 14

with process by serving its Registered Agent, Corporation Service Company located at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## D. JURISDICTION

5. This Court has Jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

## E. VENUE

6. Venue is mandatory and proper in Jefferson County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (see Tex. Civ. Prac. & Rem. Code § 15.002).

## F. CONDITIONS PRECEDENT

7. All conditions precedent to recovery have been performed, waived, or have occurred.

## G. FACTS

8. Plaintiff is the owner of a homeowner insurance policy, policy number MLR793258501, issued by the Defendant (hereinafter referred to as the "Policy").

9. Plaintiff owns the insured property that is specifically located at 3915 Cypress Point Drive, Beaumont, Texas 77707 (hereinafter referred to as the "Property").

10. Defendant or its agent sold the Policy, insuring the property, to Plaintiff.

11. On or about August 25, 2017, Plaintiff's property sustained windstorm and hail damage. Plaintiff's roof sustained extensive damage during the storm including damage to the shingles, pipe jack, drip edge, and other structural parts of the roof. Plaintiff also sustained exterior damage to the sheathing plywood, furnace vent, step flashing, and roof mount. Water

DISTRICT CLERK OF JEFFERSON COUNTY, TEXAS
I CERTIFY THIS IS A TRUE COPY
Witness my hand and seal of office
July 09, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Jamie Smith Page 2 of 14

intrusion from the roof damaged the interior of the home including the including the walls, insulation and ceilings of the living room, hallway, and dining room. After the storm, plaintiff filed a claim with his insurance company, American Security, for the damages to his home caused by the storm.

12. Plaintiff submitted a claim to American Security against the policy for damage caused to the property as a result of the wind and hail. Plaintiff asked American Security to cover the cost of repairs to the property pursuant to the policy and any other available coverages under the policy. American Security assigned claim number 00102259525 to Plaintiff's claim.

13. On or about September 14, 2017, Daniel Harper ("Harper"), on behalf of American Security, inspected the property in question. The storm caused significant damage to the roof, including pitting and loss of granules to the shingles. The hail pitting damage bruised the shingles, while removing and crushing the granules. Wind damage uplifted and removed shingles, which would not allow the shingles to reseal to prevent water intrusion.

14. Harper's unreasonable investigation of the claim included a failure to comply with American Security's policies and procedures concerning roof inspections and when to replace or repair a roof. The roof required full replacement under American Security's policies and procedures including repairs to the roof jack, drip edge, and other structural parts of the roof. Harper performed an unreasonable investigation by failing to document all of the damage to the roof. Harper did not conduct a thorough roof inspection and only allowed the minimum cost to remove and replace the roofs for the main dwelling. As a result of Harper's unreasonable and brief investigation, Plaintiff was wrongly denied the full cost to replace the roof.

DISTRICT CLERK OF JEFFERSON COUNTY, TEXAS
I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
July 09, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith Page 3 of 14

15. The storm additionally caused extensive damage to the exterior of the property. Specifically, it caused damage to the sheathing. Harper did not conduct a thorough exterior inspection and only allowed the minimum cost to remove and replace the sheathing plywood, furnace vent, step flashing, and roof mount. As a result of Harper's unreasonable exterior investigation, Plaintiff was wrongly denied the full cost to repair all of the exterior damage.

16. Harper performed an insufficient and unreasonable interior investigation of the property. Water intrusion from the roof caused extensive damage to the walls, insulation and ceilings of the living room, hallway, and dining room. The extensive damage to the interior of the property called for the drywalls to be sealed, hung, taped, and floated, removal and replacement of insulation, repair to the texture, painting, carpet and floor tile replacement, and content removal. Harper did not conduct a thorough interior inspection and did not allow for all interior damages. As a result of Harper's unreasonable investigation, Plaintiff was wrongly denied the full cost to repair all of the interior damage.

17. Despite documenting damage to the roof, Harper performed an insufficient and unreasonable interior investigation of the home. As a result, Harper missed significant interior damages to Plaintiff's home. Harper conducted an insufficient inspection and prematurely closed Plaintiff's claim. At the time of the investigation, premature closing of claims was part of a pattern and practice of claims handling by American Security.

18. American Security failed to properly adjust the claim and defendants have denied at least a portion of the claim without an adequate investigation, even though the policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, American Security




I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
July 09, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Jamie Smith Page 4 of 14

underpaid portions of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

19. To date, American Security continues to delay in the payment for the damages to the property. As such, Plaintiff's claim(s) still remain unpaid and Plaintiff still has not been able to properly repair the property.

20. American Security employs a system that, when properly operated, ensures a prompt, fair and efficient delivery of American Security's promise to pay. American Security's claims system consists of, in part, the following:

a. Claims adjusting policies and procedures;

b. Claims handling procedures and materials and claim files to track customer claims;

c. Claim files containing documentation relating to:

(1) the investigation of Plaintiff's claim;

(2) the evaluation of coverage, liability and damages;

(3) negotiation or alternative dispute resolution (ADR) to achieve settlement; and

(4) litigation management.

d. Claims underwriting procedures, files and reports that relate to:

(1) the condition of the risk at the time of underwriting and during the investigation of the claim;

(2) information provided by American Security's claims representatives to underwriting department about the condition of the risk;

DISTRICT CLERK OF JEFFERSON COUNTY, TEXAS
I CERTIFY THIS IS A TRUE COPY
July 09, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Jamie Smith Page 5 of 14

(3) information related to American Security's establishment of "loss reserves," or funds set aside to pay losses such as the loss at issue in this lawsuit;

(4) loss control measures instituted by American Security's underwriting department to identify corrective measures created to prevent or mitigate losses on this risk; and

(5) on-site inspections conducted by American Security's loss control personnel to provide underwriters with a thorough assessment of the risk.

e. Personnel files and procedures relating to the qualifications, training and supervision of its employees; and

f. American Security's relationships with and procedures created to supervise third-party adjusters that it allows to handle its customers' claims.

21. American Security failed to follow applicable claim adjusting policies and procedures, including its own claim adjusting policies and procedures, while handling Plaintiff's claim.

22. In addition, American Security failed to properly assess the condition of the risk during the underwriting process and during the policy period and American Security failed to establish a loss reserve that was commensurate with the risk and possible extent of the loss. American Security's improper underwriting actions negatively impacted the amount of funds available for a fair payment of Plaintiff's claim and provided American Security with a motive to underpay and/or wrongly deny Plaintiff's claim.

23. American Security failed to properly qualify, train and supervise its employees and agents to whom American Security entrusted the handling of various portions of Plaintiff's



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
July 09, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Jamie Smith Page 6 of 14

claim. The identity of these agents and employees include, but are not limited to, Shawn Joers, and Daniel Harper.

24. American Security, its agents and employees failed to follow procedures and properly execute their duties as promulgated in American Security's system of administering and handling Plaintiff's claim. American Security's actions, as detailed in the facts of this petition and the allegations set forth below, caused a system failure that resulted in American Security's violation of the Texas Insurance Code, Texas Deceptive Trade Practices Act, as well as the violation of a host of Texas common law principles of law. These violations resulted in American Security's denial to Plaintiff of the full protection and benefits of these laws and the policy benefits to which Plaintiff was entitled.

### H. COUNT 1 - BAD FAITH

25. Plaintiff is an insured under an insurance contract issued by American Security, which gave rise to a duty of good faith and fair dealing.

26. Defendant breached the duty by denying and delaying payment of a covered claim when defendant knew or should have known its liability under the policy was reasonably clear.

27. Following its initial inspection conducted on September 14, 2017, American Security possessed all information necessary to enable it to make a fair coverage and payment determination on Plaintiff's claim. In addition, following its initial inspection, American Security failed to provide coverage for all of the covered damage, including the damage that Plaintiff's inspector discovered during his inspection. Although American Security designed its claims investigation system in a manner that would ensure timely claim payments, reasonable



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
July 09, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Jamie Smith Page 7 of 14

property inspections, and thorough property inspections, American Security failed to honor its obligation to perform a reasonable investigation and issue timely payment to Plaintiff.

28. Defendant's breach of duty proximately caused injury to Plaintiff, which resulted in the following damages:

a. mental anguish damages; and

b. loss of policy benefits.

29. <u>Exemplary damages.</u> Plaintiff suffered injury independent of the loss of policy benefits, and that injury resulted from defendants' gross negligence, malice, or actual fraud, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

## I. COUNT 2 - BREACH OF CONTRACT

30. In addition to other counts, American Security breached its contract with Plaintiff.

31. Plaintiff and defendant executed a valid and enforceable insurance contract. The contract stated that defendant would pay the replacement cost of all damage which occurred to Plaintiff's property caused by a covered peril, and that Plaintiff would pay insurance premiums and perform other obligations as outlined in the insurance policy.

32. Plaintiff fully performed Plaintiff's contractual obligations.

33. American Security breached the contract by refusing to pay the full amount of the cost to repair or replace the property. American Security failed and refused to pay any of the proceeds of the policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the policy had been carried out and accomplished by Plaintiff.

DISTRICT CLERK OF JEFFERSON COUNTY, TEXAS
I CERTIFY THIS IS A TRUE COPY
July 09, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Page 8 of 14

34. Plaintiff seeks unliquidated damages within the jurisdictional limits of this court.

35. Attorney Fees. Plaintiff is entitled to recover reasonable attorney fees under Texas Civil Practice & Remedies Code chapter 38 because this suit is for breach of a written contract. Plaintiff retained counsel, who presented Plaintiff's claim to American Security. American Security did not tender the amount owed within 30 days of when the claim was presented.

### J. COUNT 3 – DECEPTIVE INSURANCE PRACTICES

36. Defendant American Security failed to explain to Plaintiff the reasons for American Security's offer of an inadequate settlement. American Security failed to offer Plaintiff adequate compensation without adequate explanation of the basis in the policy for its decision to make less than full payment. Furthermore, American Security did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim.

37. American Security failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from American Security.

38. American Security refused to fully compensate Plaintiff under the terms of the policy, even though American Security failed to conduct a reasonable investigation. American Security performed an outcome-oriented investigation of the Plaintiff's claim which resulted in a biased, unfair and inadequate evaluation of Plaintiff's losses on the property.

39. American Security failed to meet its obligations under the Texas Insurance Code regarding its duties to timely acknowledge Plaintiff's claim, begin an investigation of Plaintiff's



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
July 09, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith Page 9 of 14

claim, and request all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim.

40. American Security failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. In addition, American Security failed to communicate with Plaintiff to ensure that Plaintiff understood the coverage denials he received.

41. Defendants' acts or practices violated:

a. Texas Insurance Code chapter 541, subchapter B.

(1) Misrepresenting to a claimant a material fact or policy provision relating to the coverage at issue. TEX. INS. CODE §541.060(a)(1).

(2) Not attempting in good faith to bring about a prompt, fair, and equitable settlement of a claim once the insurer's liability becomes reasonably clear. TEX. INS. CODE §541.060(a)(2)(A).

(3) Not promptly giving a policyholder a reasonable explanation, based on the policy as it relates to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim. TEX. INS. CODE §541.060(a)(3).

(4) Not affirming or denying coverage within a reasonable time. TEX. INS. CODE §541.060(a)(4)(A).

(5) Refusing to pay a claim without conducting a reasonable investigation. TEX. INS. CODE §541.060(a)(7).

(6) Making an untrue statement of material fact. TEX. INS. CODE §541.061(1).

(7) Leaving out a material fact, so that other statements are rendered



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
July 09, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Page 10 of 14

misleading. TEX. INS. CODE §541.061(2).

b. Texas Deceptive Trade Practices Act §17.46(b).

(1) Representing that an agreement confers or involves rights, remedies, or obligations that it does not, or that are prohibited by law. TEX. BUS. & COM. CODE §17.46(b)(12).

c. Texas Insurance Code Chapter 541.151.

42. Defendants' acts and practices were a producing cause of injury to Plaintiff which resulted in the following damages:

a. actual damages; and

b. insurance policy proceeds.

43. Plaintiff seeks damages within the jurisdictional limits of this Court.

44. Additional damages. Defendants acted knowingly, which entitles Plaintiff to recover treble damages under Texas Insurance Code section 541.152(b).

45. Attorney fees. Plaintiff is entitled to recover reasonable and necessary attorney fees under Texas Insurance Code section 541.152(a)(1).

### K. COUNT 4 - LATE PAYMENT OF CLAIMS

46. Plaintiff is an insured under a contract for homeowner's insurance issued by defendant.

47. Defendant American Security is a corporation.

48. Plaintiff suffered a loss covered by the policy and gave proper notice to American Security of Plaintiff's claim.



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
July 09, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Page 11 of 14

49. American Security is liable for the claim and had a duty to pay the claim in a timely manner.

50. On American Security's behalf, Daniel Harper conducted his inspection on September 14, 2017. Following this inspection, American Security provided coverage for the following:

a. Roof damage for Mail Dwelling in the amount of $30,280.55;

b. Damage to garage roof in the amount of $3,846.89;

c. Damage to foyer/entry in the amount of $2,123.54;

d. Damage to the living room in the amount of $7,148.27.

e. Damage to the dining room in the amount of $55.97.

f. Insured also incurred labor charges in the amount of $3,875.82.

51. American Security did not issue a payment to Plaintiff.

52. Defendant breached its duty to pay Plaintiff's claim in a timely manner by not timely:

a. acknowledging the claim;

b. investigating the claim;

c. requesting information about the claim;

d. paying the claim after wrongfully rejecting it; and

e. paying the claim after accepting it.

53. American Security's breach of duty caused injury to Plaintiff, which resulted in the following damages:

a. mental anguish damages;

b. policy proceeds;

c. prejudgment interest;


I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
July 09, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Page 12 of 14

54. Statutory damages. Plaintiff is entitled to recover actual damages in the amount of the claim, and under Texas Insurance Code section 542.060(a), statutory damages of 18% of the amount of the claim.

55. Attorney fees. Plaintiff is entitled to recover reasonable attorney fees under Texas Insurance Code section 542.060(b).

## L. JURY DEMAND

56. Plaintiff respectfully requests a trial by jury.

## M. CONDITIONS PRECEDENT

57. All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## N. PRAYER

58. For these reasons, Plaintiff asks that he be awarded a judgment against defendants for the following:

a. Actual damages.

b. Statutory damages.

c. Prejudgment and postjudgment interest.

d. Court costs.

e. Attorney fees.

f. All other relief to which Plaintiff is entitled.


I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
July 09, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Page 13 of 14

Respectfully submitted,

SCOTT LAW OFFICES
P.O. Box 53358
Houston, Texas 77052
Telephone: (713) 941-9309
Facsimile: (844) 270-0740

*/s/Danny Ray Scott*

Danny Ray Scott
State Bar No. 24010920
casenotifications@scottlawyers.com

*Attorney for Plaintiff*



# EXHIBIT B-2

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
7/8/2019 10:02 AM
JAMIE SMITH
DISTRICT CLERK
A-203953

**CAUSE NO. A-203953**

| | | |
|---|---|---|
| **MOHAMMED NAGORI,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **JEFFERSON COUNTY, TEXAS** |
| **AMERICAN SECURITY INSURANCE COMPANY,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | **58th JUDICIAL DISTRICT** |
| | § | |

**DEFENDANT'S ORIGINAL ANSWER**

Defendant American Security Insurance Company files this Original Answer and Requests for Disclosure against Plaintiff Mohammed Nagori as follows:

## I. GENERAL DENIAL

1. Pursuant to Texas Rule of Civil Procedure 92, Defendant asserts a general denial to all claims and causes of action asserted by Plaintiff and demands strict proof thereof by a preponderance of the evidence.

## II. AFFIRMATIVE DEFENSES

2. Plaintiff's claims are barred, in whole or in part, because paragraph 1.b of the "General Exclusions" section of the policy excludes losses caused by earth movement, including earth sinking, rising or shifting.

3. Plaintiff's claims are barred, in whole or in part, because paragraph 1.c of the "General Exclusions" section of the policy excludes losses caused by water damage, meaning (1) flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind; (2) water or water-borne material which backs up through sewers or drains or which overflows from a sump, sump pump or related equipment; or (3) water or

DISTRICT CLERK OF JEFFERSON COUNTY, TEXAS
I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
July 09, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Jamie Smith Page 1 of 8

water-borne material below the surface of the ground, including water which exerts pressure on or seeps or leaks through a residential property, sidewalk, driveway, foundation, swimming pool or other structure; caused by or resulting from human or animal forces or any act of nature.

4. Plaintiff's claims are barred, in whole or in part, because paragraph 1.e in the "General Exclusions" section of the policy excludes losses caused by your neglect, meaning your neglect to use all reasonable means to save and preserve property at and after the time of the loss.

5. Plaintiff's claims are barred, in whole or in part, because paragraph 2.c of the "General Exclusions" section of the policy excludes losses caused by inadequate or defective; (1) planning, zoning, development, surveying, siting; (2) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; (3) material used in repair, construction, renovation or remodeling; or (4) maintenance.

6. Plaintiff's claims are barred, in whole or in part, because paragraph 3.a in the "Perils Insured Against" section of the policy excludes losses caused by freezing, thawing, pressure, or weight of water or ice, whether driven by wind or not, to a (1) fence, pavement, patio or swimming pool; (2) footing, foundation, bulkhead, wall, or any other structure or device that supports all or part of a building or other structure.

7. Plaintiff's claims are barred, in whole or in part, because paragraph 3.f(1) in the "Perils Insured Against" section of the policy excludes losses caused by wear and tear, marring, or deterioration.

8. Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to assert the claims presented in the Original Petition.

9. Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and satisfaction, ratification, consent, settlement, payment, release, acquiescence, unclean hands,

DISTRICT CLERK OF JEFFERSON COUNTY, TEXAS
I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
July 09, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith
Page 2 of 8

and/or *in pari delicto*.

10. Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to state a claim or cause of action for punitive damages.

11. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

12. Plaintiff's claims are barred, in whole or in part, by statutes of limitations and/or the doctrine of laches.

13. Plaintiff's claims are barred, in whole or in part, by the filed rate doctrine.

14. Plaintiff's claims are barred, in whole or in part, by the doctrines of contributory and/or comparative negligence.

15. Plaintiff's claims are barred, in whole or in part, by the economic loss doctrine.

16. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate his damages.

17. Plaintiff's claims are barred, in whole or in part, because any damages suffered by Plaintiff were caused by the acts and omissions of a party or parties over whom Defendant did not exercise control or right of control.

18. Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff has failed to describe how a denial of the claim converts, what is in fact, a mere contractual claim into extra-contractual tort claims and causes of action under the Texas Insurance Code.

19. Plaintiff's claims are barred, in whole or in part, by the specific terms of the Policy contract.

20. Plaintiff's claims and allegations of "bad faith" are barred, in whole or in part,

DISTRICT CLERK OF JEFFERSON COUNTY, TEXAS
I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
July 09, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Jamie Smith Page 3 of 8

because Defendant's liability to Plaintiff was not reasonably clear. A bona fide controversy existed and continues to exist concerning Plaintiff's entitlement to insurance proceeds from Defendant, and Defendant's liability, if any, has never become reasonably clear. Accordingly, Defendant had a reasonable basis for denying Plaintiff's claim.

21. Defendant avers that any award of punitive damages to Plaintiff in this case would be in violation of the constitutional rights and safeguards provided to it under the Constitution of the State of Texas and the Constitution of the United States of America including, without limitation, that there are no constraining limitations placed on a jury's discretion in considering the imposition or amount of punitive damages, there are no meaningful trial court and appellate review mechanisms to constitutionally confirm any punitive damage award, and imposition of a punitive damage award would allow a verdict tainted by passion and prejudice.

22. Imposition of punitive damages in this case would constitute a violation of Defendant's constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

23. Imposition of punitive damages in this case would constitute a violation of due process and/or would be a violation of the statutory law of this state providing for a penalty. Plaintiff is not entitled to an award of punitive damages absent strict compliance with Chapter 41 of the Texas Civil Practice and Remedies Code.

24. Any award of punitive damages in this case would violate the constitutional rights and safeguards provided to Defendant under the Due Process Clause of the Fourteenth Amendment and/or Fifth Amendment to the Constitution of the United States of America and/or under the Due Course Clause of Article I, Sections 13 and 19 of the Constitution of the State of

DISTRICT CLERK OF JEFFERSON COUNTY, TEXAS
I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
July 09, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Jamie Smith Page 4 of 8

Texas, in that punitive damages and any method of which they might be assessed are unconstitutionally vague and not rationally related to a legitimate government interest.

25. Any award of punitive damages in this case would violate the procedural and/or substantive safeguards provided to Defendant under the Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States and/or under Article I, Sections 13 and 19 of the Constitution of the State of Texas, in that punitive damages are penal in nature and, consequently, Defendant is entitled to the same procedural and substantive safeguards afforded to criminal Defendants.

26. Defendant avers that it would violate the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the United States of America and/or Article I, Section 10 of the Constitution of the State of Texas, to impose punitive damages against it, which are penal in nature, yet would compel them to disclose potentially incriminating documents and evidence.

27. It is a violation of the rights and safeguards guaranteed by the Constitution of the United States of America and/or the Constitution of the State of Texas to impose punitive damages against Defendant which are penal in nature by requiring a burden of proof on Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

28. Defendant avers that any award of punitive damages to Plaintiff in this case will violate the Eighth Amendment to the Constitution of the United States and/or Article I, Section 13 of the Constitution of the State of Texas, in that said punitive damages would be an imposition of an excessive fine.

29. It would be unconstitutional to award any punitive damages as such would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 13 and 19 of the Constitution of the State of Texas in that:

DISTRICT CLERK OF JEFFERSON COUNTY, TEXAS
I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
July 09, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Jamie Smith Page 5 of 8

a. Said damages are intended to punish and deter Defendant, and thus this proceeding is essentially criminal in nature;

b. Defendant is being compelled to be a witness against itself in a proceeding essentially and effectively criminal in nature, in violation of their rights to due process;

c. The Plaintiff's burden of proof to establish punitive damages in this proceeding, effectively criminal in nature, is less than the burden of proof required in other criminal proceedings, and thus violates Defendant's rights to due process;

d. That inasmuch as this proceeding is essentially and effectively criminal in nature, Defendant is being denied the requirement of notice of the elements of the offense and the law and the authorities authorizing punitive damages are sufficiently vague and ambiguous so as to be in violation of the Due Process Clause of the Fifth Amendment and/or the Fourteenth Amendment of the United States Constitution and also in violation of Article I, Sections 13 and 19 of the Constitution of the State of Texas.

30. Plaintiff has sustained no injury from the alleged conduct of Defendant.

31. Plaintiff's claims are barred, in whole or in part, because Defendant's claim-handling practices and all related activities conformed in every respect to accepted industry standards and practices.

32. Plaintiff's claims are barred, in whole or in part, because Defendant would show that there is an inherent mutual duty of good faith in the agreements related to this action and that Plaintiff may have failed to act in good faith.

33. There has been no reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of punitive damages as required by Section 41.003 of the Texas Civil Practice & Remedies Code, therefore, that claim should not be allowed to proceed and should be dismissed and in all respects subject to the limitations set forth in Chapter 41 of the Texas Civil Practice & Remedies Code.

34. Plaintiff is not entitled to the recovery of attorney's fees and has failed to provide

DISTRICT CLERK OF JEFFERSON COUNTY, TEXAS
I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
July 09, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Jamie Smith Page 6 of 8

the statutory notices required to show entitlement to the same.

35. Plaintiff's claims for attorney's fees are barred in whole or in part because Plaintiff made an unreasonably excessive demand upon Defendant.

36. Plaintiff's claims for attorney's fees are barred in whole or in part because Plaintiff made an excessive demand upon Defendant in bad faith.

37. Defendant expressly reserves and preserves any and all rights it may have under the Policy or otherwise including, but not limited to, any right they may have to seek appraisal of the claims at issue.

38. Defendant expressly reserves and preserves any and all rights and defenses it may have under the Texas Insurance Code, including Chapter 542A.

## III. REQUESTS FOR DISCLOSURE

39. Pursuant to Rule 194, Plaintiff is requested to disclose, within 30 days of service of this request, the information or material described in Rule 194.2(a)–(i).

Respectfully submitted,

MCDOWELL HETHERINGTON LLP

By: */s/ Bradley J. Aiken*
Bradley J. Aiken
State Bar No. 24059361
Brian A. Srubar
State Bar No. 24098460
First City Tower
1001 Fannin Street, Suite 2700
Telephone: 713-337-5580
Facsimile: 713-337-8850
brad.aiken@mhllp.com
brian.srubar@mhllp.com

*ATTORNEYS FOR DEFENDANT*




I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
July 09, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Page 7 of 8

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on July 8, 2019, on the following counsel of record by eServe:

Danny Ray Scott
Scott Law Offices
P.O. Box 53358
Houston, Texas 77052
casenotifications@scottlawyers.com

*/s/ Brian A. Srubar*
Brian A. Srubar

